Roe, casual ejector, and B. D. Parker, tenant, plaintiffs in error, *vs.* Doe, *ex dem.* of Jack Brown *et al.*, defendant in error.

(McCay, J., did not preside in this case.)

When the lessors of the plaintiff, in an action of ejectment, instituted a suit for the recovery of a lot of land, number 127, in the 27th district of Sumter county, and upon the trial thereof, the jury found a verdict for the defendant, and the Court, upon motion, granted a new trial, which is assigned as error : *Held*, that, inasmuch as the evidence in the record introduced by the plaintiff in the Court below in support of his title to the lot of land sued for, (to-wit) : the copy grant from the State, was for a different lot, (to-wit) : 107, and there was no evidence of title shown in the lessors of the plaintiff, which would entitle them to a verdict for the premises sued for, (to-wit) : lot number 127, the verdict was right, under the evidence offered by the plaintiff, and the Court below erred in granting a new trial.

Ejectment. New trial. By Judge James M. Clark. Sumter Superior Court. October Term, 1869.

This was ejectment upon the demises of Jack Brown, William Webb and his wife, Martha, and William T. Scott, against Parker, tenant in possession for lot of land, number 127, in said county.

The plaintiff read in evidence a copy plat and grant from the State to William T. Scott, made the 17th of April, 1835. In the brief of testimony it is spoken of as "a grant to the

premises in dispute;" but while the copy plat, in the brief, is for number 127, the grant is for number 107. It was then shown that Scott died leaving said Mrs. Webb his sole heir-at-law. Possession by defendant when the suit was commenced, 16th April, 1856, was admitted.

JACK BROWN testified that said Webb employed him to bring this suit, and made him a quit-claim deed to said land only to secure him against the expenses of litigation; that from 1856 to 1862, inclusive, said lot contained fifty acres cleared, and was worth, for rent, from $5 00 to $6 00 per cleared acre, *per annum.* The plaintiff closed.

The defendant's attorney read in evidence a deed from Gabriel Harrison, as administrator of Albert Jones, to Carter & Harvey, dated 7th of December, 1846, and a power of attorney from said administrator to James Wright, Jr., who made the deed as his attorney in fact. This deed was objected to upon the ground that the administrator could not constitute an attorney in fact for such purpose, and that the probate of the power of attorney was insufficient; but the objections were overruled. Next he read a deed from Carter & Harvey to said Parker, dated the 7th of July, 1851, a deed from the sheriff of said county to one Barlow, dated the 1st of December, 1841, and a quit-claim deed from said Webb to Jack Brown, dated the 15th of December, 1855.

WRIGHT BRADY testified that he had known the lot from 1832; that one Evans once built some cabins on the lot, and had possession of it some time, but left it before it was sold by Jones's administrator; that he did not know when Parker took possession; that he had been in some time, and might have been in possession in 1848; that when he got possession he held it till Powell took possession.

POWELL testified that he took possession in 1863, and that then there were about thirty acres cleared.

Plaintiffs' attorneys moved to rule out said deed from Harrison, administrator, because it was not good, as color of title, there being no evidence of possession of the lot by the grantees in said deed, or by any one holding under them. The motion was overruled.

Parker *vs.* Brown *et al.*

Plaintiffs attorneys requested the Court to charge the jury that the statute of limitations did not run against a *feme covert*. He refused so to charge, and did charge the reverse. The jury found for the defendant. Plaintiff's attorney moved for a new trial upon the ground that the Court erred in not rejecting said deed, and in not ruling it out afterwards, and refusing to charge as requested, and in charging as he did. The Court granted a new trial, and that is assigned as error. (All the deeds were for number 127, and no notice seems to have been taken of the variance between them and the copy grant till the cause was argued here.)

HAWKINS & BURKE, for plaintiff in error.

N. A. SMITH, B. HILL, for defendant.

WARNER, J.

This was an action of ejectment brought by the lessors of the plaintiff to recover from the defendant the possession of lot of land, number one hundred and twenty-seven, (127), in the twenty-seventh district of Sumter county. On the trial of the case in the Court below, the lessors of the plaintiff read in evidence a copy grant from the State of Georgia, for lot, number one hundred and seven, (107), as the foundation of their title. The jury found a verdict for the defendant, and the Court granted a new trial, which is assigned for error here. If the lessors of the plaintiff had shown, upon the trial, a grant from the State to Scott for the *premises in dispute*, then, we should not have been disposed to interfere with the decision of the Court below in granting the new trial; but, as the facts appear in the record before us, the lessors of the plaintiff did not show *any title* in themselves to the tract of land sued for. The lot sued for is one hundred and twenty-seven, (127), the copy grant from the State which they offered in evidence in support of their title, is for lot one hundred and seven, (107). Inasmuch, therefore, as the lessors of the plaintiff did not show, upon the trial of the case, any title in themselves, which would legally author-

ize them to recover the possession of the tract of land sued for, the new trial should not have been granted.

Let the judgment of the Court below be reversed.